UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS BURDSAL,<br><br>       Plaintiff,<br><br>v.<br><br>SCOTT DAVIS, *et. al.*,<br><br>       Defendants. | Case No. 3:23-cv-00074-CLB<br><br>**ORDER GRANTING MOTION<br>TO SUBSTITUTE DOE DEFENDANTS<br>AND DENYING MOTION FOR<br>COUNSEL**<br><br>[ECF Nos. 29, 30] |

Before the Court is Plaintiff Thomas Burdsal's ("Burdsal") motion to substitute Doe Defendants, (ECF No. 29), and motion for appointment of counsel, (ECF No. 30). Defendants Charles Daniels ("Daniels"), Scott Davis ("Davis"), Tim Garrett ("Garrett"), and Kara LeGrand ("LeGrand") (collectively referred to as "Defendants") filed a non-opposition to the motion to replace Doe Defendants, (ECF No. 31), and a response to the motion for appointment of counsel, (ECF No. 32). Each motion is discussed in turn.

**I. MOTION TO REPLACE DOE DEFENDANTS**

On June 26, 2023, the District Court screened Burdsal's complaint, (ECF No. 8), and allowed him to proceed on: (1) First Amendment free exercise claim will proceed against Defendants Davis, Garrett, LeGrand, Daniels, and Doe Members of the Religious Review Team ("RRT"); (2) Religious Land Use and Institutionalized Person Act claim will proceed against Defendants Davis, Garrett, LeGrand, Daniels, and Doe Members of the RRT; (3) Fourteenth Amendment equal protection claim will proceed against Defendants Davis, Garrett, LeGrand, Daniels, and Doe Members of the RRT; and (4) claim for intentional infliction of emotional distress will proceed against Defendants Davis, Garrett, LeGrand, Daniels, and Doe Members of the RRT. (ECF No. 7.) Burdsal was specifically advised that if the true identity of any of the Doe Defendant(s) came to light during discovery, Burdsal could move to substitute the true names of those Does to assert claims against them at that time. (*Id.* at 6, n. 2.)

Burdsal has now filed a motion to replace the Doe Members of the RRT with Chaplains Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin. (ECF No. 29.) Burdsal's motion states that he learned of the Doe's identities through discovery. (*Id.* at 2.) In response to the motion, Defendants state they do not oppose Burdsal's motion to the extent it is requesting to substitute the Doe Defendants pursuant to the screening order as the motion is timely and based on good cause. (ECF No. 31.)  Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

For good cause appearing, the Court finds that Burdsal may properly substitute the above-named defendants for the Doe Defendants as allowed in the screening order and thus the motion is granted. Additionally, pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Thus, the Court finds that the motion should also be granted based on Defendants' non-opposition.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Next, Burdsal filed a motion for appointment of counsel. (ECF No. 30.) Defendants filed a response stating they do not take any position as to the motion. (ECF No. 32.)

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his

claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for appointment of counsel states the substantive issues and procedural matters are too complex for Burdsal's comprehension and abilities, and by reason of his incarceration, Burdsal cannot effectively investigate or litigate his claims. (ECF No. 30.)

Exceptional circumstances do not exist in this instance. Burdsal only makes conclusory assertions that this case is complex, however his claims do not involve particularly complex issues, nor will they require expert assistance to understand. Moreover, throughout the pendency of this action, Burdsal has demonstrated that he can articulate his claims to the Court. While Burdsal contends that he has limited knowledge in these types of proceedings, such lack of education and experience is unexceptional compared to most prisoner civil rights cases. Accordingly, because Burdsal has not demonstrated exceptional circumstances, the Court denies the motion. (ECF No. 30).

**III.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Burdsal's motion to replace Doe Defendants, (ECF No. 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin shall be added to the docket as defendants in this action.

**IT IS FURTHER ORDERED** that within 21 days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Burdsal of whether it

can or cannot accept service on behalf of Defendants Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin. If the Attorney General's Office cannot accept service on behalf of Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin, the Office shall file, under seal, but shall not serve on Burdsal, the last known address of Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin, if it has such information. If the last known address of Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin, Burdsal shall file a motion requesting issuance of a summons, specifying a full name and address for Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin.

**IT IS FURTHER ORDERED** that Burdsal's motion for appointment of counsel, (ECF No. 30), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: July 10, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**