AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-7629 (phone)
(702) 486-3768 (fax)
Email: nclaus@ag.nv.gov

*Attorneys for Defendants*
*Scott Davis, Tim Garrett, Kara Legrand, Charles Daniels,*
*Donald Burse, Dana Everage, Chad Venters, Cary Dyer,*
*March Mallinger, and Julio Calderin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BURDSAL,<br><br>   Plaintiff,<br><br>v.<br><br>SCOTT DAVIS, *et al.*,<br><br>   Defendants. | Case No. 3:23-cv-00074-CLB<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR 14-DAY EXTENSION TO RESPOND TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT AND ADD NECESSARY PARTIES**<br>**ECF NO. 71** |

Defendants, Scott Davis, Tim Garrett, Kara Legrand, Charles Daniels, Donald Burse, Dana Everage, Chad Venters, Cary Dyer, March Mallinger, and Julio Calderin by and through counsel, Aaron D. Ford, Nevada Attorney General, and Nathan M. Claus, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby seek leave of this court for a 14-day extension to file their response to Plaintiff's First Motion to Amend Complaint and Add Necessary Parties. ECF No. 71.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL HISTORY

This is an inmate civil rights actions brought by Inmate Thomas Burdsal (Burdsal), pursuant to 42 U.S.C. § 1983, for events that allegedly occurred while he was incarcerated at Lovelock Correctional Center (LCC). Burdsal's primary factual allegation is he did not receive Jewish Passover meals in 2022, and that he should have received those religious

1 meals. ECF No. 8 at 4:1-28. This Court allowed Burdsal to proceed on a First Amendment free exercise claim, a Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA) claim, a Fourteenth Amendment equal protection claim, and a state-law claim for the intentional infliction of emotional distress against proposed Defendants Davis, Garrett, LeGrand, Daniels, and several John Does on the Religious Review Team (RTT). ECF No. 7 at 9:5-21. Burdsal amended his complaint to substitute the Does in for Donald Burse, Dana Everage, Chad Venters, Cary Dyer, Marc Mallinger, and Julio Calderin (collectively known as "new Defendants"). ECF No. 33. These new Defendants filed their acceptance of service of the complaint on August 1, 2024. ECF No. 41. An amended answer for all Defendants was filed on March 26, 2025. ECF No. 66.

On April 8, 2025, Burdsal submitted the subject motion seeking leave of this Court to amend his complaint to add two new defendants and to expand the scope of this lawsuit through his newly proposed 68-page complaint. ECF Nos. 71 and 71-1.

Defendants now seek a 14-day extension for their response to these requests to allow defendants time to respond to the lengthy motion.

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time . . . with or without motion or notice . . . if a request is made, before the original time or its extension expires." Defendants seek an extension of time to respond to file their dispositive motion. Good cause is present to extend the dispositive motion deadline until May 6, 2025.

Burdsal's motion is 39 pages long. ECF No. 71. Within that motion, it appears that Burdsal makes many new allegations of facts and seeks to expand the scope of this case to include allegations related to his general challenges to common fare and religious accommodations at LCC from 2020 through 2022. *Id*. at 39-41.

Accordingly, Defendants respectfully request that the extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and

because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

### III. CONCLUSION

Based on the foregoing, and for good cause, Defendants request an extension of time until May 6, 2025, for the response to ECF No. 71.

DATED this 22nd day of April, 2025.

        AARON D. FORD
        Attorney General

        By: /s/ Nathan M. Claus
            NATHAN M. CLAUS (Bar No. 15889)
            Deputy Attorney General

        *Attorneys for Defendants*

No further extensions of time will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

**DATED:** April 23, 2025

_____
UNITED STATES MAGISTRATE JUDGE